McMORAN, O'CONNOR & BRAMLEY
A Professional Corporation
Ramshorn Executive Centre
Building D, Suite D-1
2399 Highway 34
Manasquan, New Jersey 08736
(732) 223-7711
Attorneys for Petitioner,
Charles Arentowicz

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

CHARLES ARENTOWICZ,  :  07 Civ. 6092 (LAP)

        Petitioner,  :  ECF Case

- against -  :

CAP GEMINI ERNST & YOUNG U.S.,LLC,  :  **PETITION TO VACATE ARBITRATION AWARD**

        Respondents.  :

-------------------------------------------------------------x

    Petitioner Charles Arentowicz ("Arentowicz") hereby petitions the Court, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1, *et seq.*, for an Order vacating the Final Award of arbitrators Rosemary Townley, Esq. and Alfred G. Feliu, Esq., dated April 4, 2007, denying Arentowicz's claim of age discrimination under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1, *et seq.*, in the arbitration captioned <u>Cap Gemini Ernst & Young U.S. LLC v. Arentowicz</u>, AAA Case No. 131600015104, and as grounds therefore alleges as follows:

### THE PARTIES

    1.    Petitioner Arentowicz is a citizen and resident of the State of New Jersey and at all times relevant to this action was employed by respondent Cap Gemini Ernst & Young U.S. LLC in New Jersey.

2. Respondent Cap Gemini Ernst & Young U.S. LLC ("CGE&Y") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 5 Times Square, New York, New York, 10036. CGE&Y is not a citizen of New Jersey.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1, *et seq.*, and under 28 U.S.C. § 1332. This action is between citizens of different states, involves the review of an arbitration award, issued in New York, that was rendered in manifest disregard of the law, and the amount in controversy exceeds the jurisdictional requirement of $75,000. Arentowicz claims back pay and front pay economic damages resulting from his unlawful termination that exceed $8,500,000, plus unspecified compensatory damages for pain and suffering, punitive damages and attorney's fees under the NJLAD.

4. Venue in this district is proper under 28 U.S.C. §1391 because the arbitration took place in New York County and the Award was issued in New York County.

## THE ARBITRATION AGREEMENT

5. Arentowicz began employment with Arthur Young & Co. on August 8, 1977. In 1989, Arthur Young & Co. merged with Ernst & Whinney to form Ernst & Young, LLP. In May 2000, Ernst & Young, LLP sold its consulting division to Cap Gemini, S.A., a European company headquartered in Paris. Arentowicz was a partner in the Ernst & Young, LLP consulting division sold to Cap Gemini, S.A.

6. The new entity, called Cap Gemini Ernst & Young, U.S. LLC (CGE&Y), forced Arentowicz to execute a written contract of employment (the "Agreement") if he wished to continue his employment with CGE&Y. Paragraph 5 of the Agreement required Arentowicz to settle by arbitration any controversy arising out of his employment, including claims of

discrimination, in accordance with the arbitration procedures set forth in Annex 4 to the Agreement and the commercial arbitration rules of the American Arbitration Association (AAA).

7.  CGE&Y prepared the Agreement and presented it to Arentowicz on a take-it-or-leave-it basis. Arentowicz had no opportunity to negotiate the terms of the Agreement or to obtain the assistance of counsel. CGE&Y instructed Arentowicz that if he did not sign the Agreement, he would be terminated. To avoid losing his job, Arentowicz signed the Agreement on April 22, 2000.

8.  On December 11, 2002, CGE&Y terminated Arentowicz's employment in an alleged reduction-in-force. Arentowicz asserts that CGE&Y unlawfully terminated his employment because of his age in violation of the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1, *et seq.*

### ARENTOWICZ CHALLENGED THE ARBITRATION AGREEMENT

9.  In October 2003, Arentowicz filed a civil action against CGE&Y in the Superior Court of New Jersey (the "New Jersey action") seeking a declaratory judgment that the arbitration provision in the Agreement was an unconscionable contract of adhesion and alleging age discrimination under the NJLAD.

10. CGE&Y removed the New Jersey action to the United States District Court for the District of New Jersey and filed a separate action in the United States District Court for the Southern District of New York seeking to compel arbitration of Arentowicz's claims.

11. On June 22, 2004, the Hon. Deborah A. Batts, U.S.D.J., granted CGE&Y's motion in the Southern District of New York to compel arbitration. Cap Gemini Ernst & Young U.S. LLC v. Arentowicz, 2004 WL 1386145 (S.D.N.Y.). The New Jersey action was subsequently dismissed in July 2004 by the Hon. William G. Bassler, U.S.D.J.

## THE ARBITRATION PANEL

12.  Pursuant to Judge Batts' ruling, and Paragraph 5 of the Agreement, Arentowicz submitted his age discrimination claim to arbitration with AAA. Cap Gemini Ernst & Young U.S. LLC v. Charles Arentowicz, AAA Case No. 131600015104.

13.  Annex 4 to the Agreement provides that the arbitration shall be conducted before a panel of three (3) arbitrators to be selected as provided by AAA rules. Following the procedure provided by AAA, CGE&Y selected Alfred G. Feliu, Esq. to serve as a neutral arbitrator. Arentowicz selected Lewis T. Maltby, Esq. to serve as a neutral arbitrator. Together, Arbitrators Feliu and Maltby selected Rosemary Townley, Esq. to serve as the third arbitrator (collectively referred to as the "Arbitration Panel"). All of the arbitrators, including the party-appointed arbitrators, were to remain neutral.

## THE ARBITRATION HEARING

14.  On November 20, 2006, the parties submitted comprehensive pre-hearing briefs to the Panel detailing the facts and law applicable to Arentowicz's claim of age discrimination under the NJLAD. Arentowicz's pre-hearing brief included a thorough description of the procedural burden-shifting methodology articulated by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) for the analysis of statutory discrimination claims.

15.  The Arbitration Panel held hearings in New York on December 4, 5 and 6, 2006 and received oral and documentary evidence.

16.  Following the hearing, at the Arbitration Panel's request, the parties submitted post-hearing briefs addressing the facts admitted into evidence and the law applicable to Arentowicz's age claim. Arentowicz's post-hearing brief again included a thorough description of the procedural burden-shifting methodology set forth in McDonnell Douglas, 411 U.S. 792

## A SPLIT DECISION

17. On April 4, 2007, Arbitrators Townley and Feliu issued a Final Award rejecting Arentowicz's age discrimination claim. In a written opinion accompanying the Final Award, Arbitrators Townley and Feliu held that Arentowicz "did not carry his burden of demonstrating age discrimination under the [NJLAD]."

18. Arbitrator Maltby disagreed and wrote a strongly worded Dissenting Opinion in which he stated that "Arentowicz has submitted significant evidence of discrimination . . . while [CGE&Y] has provided nothing of substance, despite the fact that it had control of documents that went to the core of the dispute."

## GROUNDS FOR VACATUR

19. The arbitration Award should be vacated because it was rendered in manifest disregard of the black letter law set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which was clearly and repeatedly spelled out for the Arbitrators.

20. The Court in McDonnell Douglas defined the order and allocation of proof in statutory employment discrimination cases. Under that framework, adopted by the New Jersey Supreme Court in Andersen v. Exxon Co., 89 N.J. 483 (1982), the plaintiff first has the burden of proving a *prima facie* case of discrimination. McDonnell Douglas, 411 U.S. at 802. Once the plaintiff makes this showing, a mandatory presumption of discrimination is created. Id. Second, if the plaintiff succeeds in proving the *prima facie* case, the burden of production shifts to the defendant to rebut the presumption of discrimination by introducing evidence supporting a legitimate, nondiscriminatory reason for its actions. Id. Third, should the employer carry this burden, the plaintiff then has an opportunity to prove that the legitimate reasons offered by the employer were not its true reasons, but were a pretext for discrimination. Id., at 804.

21.   In denying Arentowicz's age claim under the NJLAD, the Arbitrators ignored CGE&Y's burden of production under the second-step of the McDonnell Douglas burden shifting framework, as affirmed and refined by the Court in Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248 (1981).

22.   In Burdine, the Court held that under the second step of McDonnell Douglas, in order to rebut the presumption of discrimination raised by the plaintiff's *prima facie* case, the employer must come forward with admissible evidence supporting the legitimate, nondiscriminatory reason articulated for its actions. Burdine, 450 U.S. at 254-255. If the employer is silent in the face of this burden, judgment must be entered for the plaintiff as a matter of law. Id.

23.   CGE&Y completely failed to satisfy its burden of production under Burdine. CGE&Y terminated Arentowicz's employment in December 2002 after twenty-three (23) years of service. For over two (2) years, CGE&Y refused to provide any explanation to Arentowicz as to why he had been fired. Then, twenty-six (26) months after the termination, CGE&Y produced a document allegedly showing the reason Arentowicz was selected for termination in a reduction-in-force.

24.   CGE&Y relied on this document in defense of Arentowicz's age claim for over one year until the person responsible for terminating Arentowicz - David Wilson - testified at his deposition that the document was entirely false and did not identify the real reason Arentowicz was fired.

25.   Through David Wilson's deposition testimony in February 2006, CGE&Y claimed that Arentowicz had actually been fired due to a lack of "immediate revenue generation or sales opportunities" in 2003. However, CGE&Y failed to come forward with a shred of

admissible evidence in discovery or at the arbitration hearing supporting this alleged reason. CGE&Y relied almost exclusively on the arguments of counsel.

26. Most importantly, CGE&Y failed to produce "sales pipeline documents" from August to December 2002 which showed Arentowicz's current and projected sales. The viability of CGE&Y's articulated reason for terminating Arentowicz turned entirely on information contained in these documents. CGE&Y had sole and exclusive possession of the documents and was aware within five (5) months of Arentowicz's termination of the need to preserve such information. Nevertheless, CGE&Y withheld the sales pipeline documents so Arentowicz would not have a full and fair opportunity to show that, in fact, he had over $9.5 million in the sales pipeline for 2003, which more than doubled the amount ($3 to $5 million) CGE&Y claimed Arentowicz needed to be safe from termination.

27. In the absence of the formal sales pipeline documents from CGE&Y, Arentowicz introduced documents in his possession which showed his 2001 and 2002 sales numbers, as well as his projected sales in 2003 at his largest client, Merck & Co., Inc. These documents confirmed what Arentowicz testified the formal sales pipeline documents would have shown if CGE&Y had produced them, i.e., that he was on pace for $10 million in sales for 2002 (with $7.3 in sales already closed through September 2002) and had $9.5 in sales in the pipeline for 2003.

28. Despite this undisputed evidence that Arentowicz should have been safe from termination under the criteria CGE&Y articulated ($3 to $5 million), and CGE&Y's total failure to come forward with any evidence supporting its claim that Arentowicz did not have the sales necessary to justify his continued employment, the Arbitrators rejected Arentowicz's age claim on the grounds that he failed to provide sufficient evidence showing "the likelihood that he [ ] would produce or sell immediate revenue in the months following the [reduction-in-force]."

29. The Award completely disregards CGE&Y's clearly defined obligations under <u>McDonnell Douglas</u> in two respects. First, CGE&Y's failure to satisfy its burden of production under <u>McDonnell Douglas</u> by coming forward with evidence sufficient to support its articulated reason for terminating Arentowicz should have resulted in a judgment for Arentowicz as a matter of law. By effectively remaining silent in the face of this obligation, and not producing any evidence of Arentowicz's projected sales, CGE&Y failed to rebut the presumption of discrimination that arose upon Arentowicz's presentation of a *prima facie* case.

30. Second, the Award fails to recognize that the only reason Arentowicz was not able to provide more specific evidence of his projected sales in 2003 was because CGE&Y withheld this information. Indeed, by rejecting Arentowicz's age claim because he was unable to produce evidence in the possession of CGE&Y, the Arbitrators deprived Arentowicz of due process by denying him a full and fair opportunity to show pretext under the third-step of <u>McDonnell Douglas</u>.

31. In essence, the Arbitrators turned the <u>McDonnell Douglas</u> framework on its head by rewarding CGE&Y for withholding information that would have proved or disproved its termination reason.

32. The Arbitrators were aware of CGE&Y's burden of production under <u>McDonnell Douglas</u> because, if they were not already familiar with this well-recognized legal principle, Arentowicz thoroughly outlined the burden shifting methodology in both his pre and post hearing briefs, and repeated it during opening arguments.

WHEREFORE, Petitioner Arentowicz respectfully request that the Court enter an Order:

(i) vacating the Final Award of Arbitrators Rosemary Townley, Esq. and Alfred Feliu, Esq., dated April 4, 2007;

  (ii) directing the arbitration Panel, on remand, find in favor of Arentowicz on his NJLAD claim as a matter of law;

  (iii) directing the arbitration Panel, on remand, to determine damages, including attorney's fees; and

  (iv) awarding such other and further relief as the Court deems just and proper.

         McMORAN, O'CONNOR & BRAMLEY, P.C.
         Ramshorn Executive Centre
         2399 Highway 34
         Bldg. D, Suite D-1
         Manasquan, New Jersey  08736
         (732) 223-7711
         Attorneys for Charles Arentowicz


         By: _s/ Douglas S. Bramley_____
           DOUGLAS S. BRAMLEY (DB6951)

Dated: June 27, 2007