**MEMO ENDORSED**

# McMORAN, O'CONNOR & BRAMLEY
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

NEW JERSEY OFFICE

RAMSHORN EXECUTIVE CENTRE
BLDG. D, SUITE D-1
2399 HIGHWAY 34
MANASQUAN, NJ 08736

(732) 223-7711   FAX: (732) 223-7750

REPLY TO:

NEW JERSEY OFFICE

NEW YORK OFFICE

SUITE 416
230 PARK AVENUE
NEW YORK, NEW YORK 10169
(800) 292-6640

WEB: www.mcmoranlaw.com

DOUGLAS S. BRAMLEY
MEMBER OF NJ AND NY BARS
dbramley@mcmoranlaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/07
```

July 2, 2007

**VIA FACSIMILE**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007-1312

    Re:    <u>Arentowicz v. Cap Gemini Ernst & Young U.S. LLC, 07 Civ.6092</u>

Dear Judge Preska:

    We represent plaintiff Charles Arentowicz in the above matter. We received the June 28, 2007 letter from Gerald D. Silver, Esq., counsel for defendant Cap Gemini Ernst & Young U.S. LLC ("CGE&Y"), requesting a transfer of this action to Judge Batts. We oppose Mr. Silver's request and respectfully submit that CGE&Y has entirely mischaracterized the nature of this action.

    The action previously before Judge Batts, <u>Cap Gemini Ernst & Young U.S. LLC v. Arentowicz</u>, 04 Civ. 0299 (DAB), arose in response to a civil action filed by Mr. Arentowicz in the Superior Court of New Jersey, <u>Arentowicz v. Cap Gemini Ernst & Young U.S. LLC</u>, Docket No. L-2882-03[1] which: (i) sought a declaratory judgment that the arbitration provision in Mr. Arentowicz's employment agreement with CGE&Y was unenforceable; and (ii) alleged age discrimination under the NJLAD. In the prior action

---

[1] On December 10, 2003, CGE&Y removed the New Jersey action to the United States District Court for the District of New Jersey. <u>Arentowicz v. Cap Gemini Ernst & Young U.S LLC</u>, Civil Action No. 03CV 5881 (WGB).

July 1, 2007
Page 2

before Judge Batts, CGE&Y sought to compel arbitration of the claims asserted by Mr. Arentowicz in the New Jersey action on the grounds that such claims related to and/or arose out of his employment agreement with CGE&Y, and therefore fell within the scope of the mandatory arbitration provisions in that employment agreement.

On February 11, 2004, Mr. Arentowicz moved to stay and/or dismiss the action before Judge Batts because of his "first filed" action in New Jersey. On March 11, 2004, CGE&Y filed a cross-motion to compel Mr. Arentowicz to arbitrate all disputes with CGE&Y. On June 22, 2004, Judge Batts issued a written opinion: (i) denying Mr. Arentowicz's motion to dismiss and/or stay the New York action; and (ii) granting CGE&Y's motion to compel arbitration. Pursuant to Judge Batts' ruling, Mr. Arentowicz submitted his age discrimination claim to arbitration with AAA in the matter entitled Cap Gemini Ernst & Young U.S. LLC v. Charles Arentowicz, AAA Case No. 131600015104.

Unlike the prior action before Judge Batts, which was limited to whether the arbitration agreement between Mr. Arentowicz and CGE&Y was enforceable, the current action involves Mr. Arentowicz's assertion that the Final Award issued by Arbitrators Rosemary Townley, Esq. and Alfred Feliu, Esq., dated April 4, 2007, was rendered in manifest disregard of the black letter law set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Mr. Arentowicz does not assert in this action, as he did in the prior action before Judge Batts, that his arbitration agreement with CGE&Y is unenforceable. Mr. Arentowicz refers to the prior action before Judge Batts in his Petition to Vacate the Arbitration Award merely to provide the Court with a brief procedural history. The sole claim made by Mr. Arentowicz in his Petition is that the final arbitration award was rendered in manifest disregard of the law. That claim is not the same or similar to any claim asserted by Mr. Arentowicz or CGE&Y in the prior action before Judge Batts. The arbitration hearing had not even taken place at the time of Judge Batts' ruling and, as such, neither party was even in a position to move to vacate or confirm the arbitration award. The only similarity between this action and the prior action is the parties.

CGE&Y's suggestion that Mr. Arentowicz is making a "transparent attempt to forum shop" is absurd. CGE&Y incorrectly assumes Mr. Arentowicz has control over the Judge to whom his Petition was assigned, which he did not. Further, there is nothing subversive about Mr. Arentowicz's representation on the Civil Cover Sheet that this action was not the same or similar to a prior action. Mr. Arentowicz made no secret of the prior action before Judge Batts in his Petition to Vacate the Arbitration Award. The simple fact is that the claim asserted by CGE&Y in the prior action (an action to compel arbitration) is not the same or similar to the claim Mr. Arentowicz asserts in his Petition (an action to vacate the arbitration award). Indeed, we submit it is CGE&Y that is forum shopping, not Mr. Arentowicz.

McMORAN, O'CONNOR & BRAMLEY
A PROFESSIONAL CORPORATION

July 1, 2007
Page 3

Based on the foregoing reasons, we respectfully request that this matter remain with Your Honor and that it be scheduled for a pre-motion conference to discuss Mr. Arentowicz's motion to vacate the arbitration award.

Respectfully,

DOUGLAS S. BRAMLEY

DSB/js
Encs.

cc:   Gerry Silver, Esq. (via facsimile)

The actions are not related so that any judicial efficiency will be realized by transfer. Accordingly, transfer is denied.

July 6, 2007

SO ORDERED

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

McMORAN, O'CONNOR & BRAMLEY
A PROFESSIONAL CORPORATION