# McMORAN, O'CONNOR & BRAMLEY
### A PROFESSIONAL CORPORATION
#### COUNSELLORS AT LAW

NEW JERSEY OFFICE

RAMSHORN EXECUTIVE CENTRE
BLDG. D, SUITE D-1
2399 HIGHWAY 34
MANASQUAN, NJ 08736

(732) 223-7711  FAX: (732) 223-7750

REPLY TO:

NEW JERSEY OFFICE

NEW YORK OFFICE

SUITE 416
230 PARK AVENUE
NEW YORK, NEW YORK 10169
(800) 292-6640

WEB: www.mcmoranlaw.com

DOUGLAS S. BRAMLEY
MEMBER OF NJ AND NY BARS
dbramley@mcmoranlaw.com

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #: _____*
*DATE FILED: 8/16/07*

August 14, 2007

**VIA FACSIMILE**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007-1312

      Re:    **Arentowicz v. Cap Gemini Ernst & Young U.S. LLC, 07 Civ.6092**

Dear Judge Preska:

      We represent petitioner Charles Arentowicz in the above matter. Please accept this letter in lieu of a more formal request to: (a) file an overlength brief in support of Mr. Arentowicz's motion to vacate an arbitration award; and (b) bypass the ECF filing requirements with regard to the attachments and exhibits to Mr. Arentowicz's motion to vacate the arbitration award.

      **A.**    **Overlength Brief**

      On June 28, 2007, Mr. Arentowicz filed a Petition to Vacate an Arbitration Award. Respondent Cap Gemini Ernst & Young U.S. LLC's ("CGE&Y") Answer to the Petition is due on or before September 3, 2007. Once CGE&Y's Answer has been filed, Mr. Arentowicz intends to re-file[1] his motion to vacate the Final Award of arbitrators

---

[1] The Federal Arbitration Act, 9 U.S.C. §6, provides that a party seeking vacatur of an arbitration award must proceed by motion to the Court. "The statutes and rules do not permit a party to initiate a challenge to an arbitration award by filing a complaint or an application [to vacate an arbitration award]". Kruse v. Sands Brothers and Co., Ltd., 226 F.Supp. 2d 484, 485-86 (S.D.N.Y. 2002). A request for vacatur must be made in the form of a motion. Id. Accordingly, Mr. Arentowicz originally sought to initiate this action to vacate the arbitration award by way of a motion to vacate, which he filed with the Clerk, Southern District

Honorable Loretta A. Preska
August 14, 2007
Page 2

Rosemary Townley, Esq. and Alfred G. Feliu, Esq., dated April 4, 2007, denying Mr. Arentowicz's claim of age discrimination under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1, et seq., in the arbitration captioned Cap Gemini Ernst & Young U.S. LLC v. Arentowicz, AAA Case No. 131600015104.

Mr. Arentowicz contends that the arbitration award should be vacated because it was rendered in manifest disregard of the black letter law set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which was clearly and repeatedly spelled out for the Arbitrators.

We respectfully request permission to file an overlength brief (in excess of twenty (20) pages) in support of Mr. Arentowicz's motion to vacate the arbitration award. Mr. Arentowicz's Memorandum of Law in support of the motion, which has already been prepared (see FN 1), totals forty (40) double-spaced pages. The requested additional pages are necessary because of the multiple and complex factual and legal issues presented in the motion. For example, Mr. Arentowicz is required to summarize in his Memorandum of Law (a) the relevant procedural history from the arbitration proceeding; (b) all of the facts supporting his age discrimination claim; (c) CGE&Y's defense to the age claim, which is relevant under the McDonnell Douglas burden shifting methodology; (d) the Arbitrators' Final Award, and the rationale for that award; and (e) the governing legal principle that the Arbitrators ignored. Mr. Arentowicz is simply unable to adequately address all of these issues in twenty (20) pages.



Accordingly, Mr. Arentowicz respectfully requests that the Court accept for filing an overlength brief of forty (40) double spaced pages. We contacted counsel for CGE&Y for consent to file an overlength brief. CGE&Y refused to consent to our request.

**B. ECF Filing**

Mr. Arentowicz intends to file his Notice of Motion and Memorandum of Law in support of the motion to vacate electronically (ECF) and will also provide chambers with a courtesy copy in paper form. However, Mr. Arentowicz respectfully requests permission to bypass the ECF filing requirements with regard to the attachments and exhibits accompanying the motion to vacate. We have been advised by the Clerk that Mr. Arentowicz needs the Court's written permission to bypass the ECF filing requirements.

Accompanying Mr. Arentowicz's motion to vacate the arbitration award is (a) the Certification of Bruce P. McMoran, Esq., which includes, inter alia, all of the pre and post hearing briefs submitted in the underlying arbitration proceeding, a full and complete copy of the arbitration hearing transcript from December 4, 5 and 6, 2006, and the written Arbitration Award; (b) sixty (65) exhibits introduced into evidence at the

---

of New York, on June 21, 2007. The Clerk refused to assign a civil action number until a Petition was filed. As such, Mr. Arentowicz filed his Petition to Vacate Arbitration on June 28, 2007.

**McMORAN, O'CONNOR & BRAMLEY**
A PROFESSIONAL CORPORATION

Honorable Loretta A. Preska
August 14, 2007
Page 3

arbitration hearing by Mr. Arentowicz; and (c) forty-eight (48) exhibits introduced into evidence at the arbitration hearing by CGE&Y. All of this information is necessary in order to consider Mr. Arentowicz's motion to vacate the arbitration award on the grounds that the Arbitration Panel manifestly disregarded the law.

The aforementioned attachments and exhibits total in the range of 1,500 pages. These documents do not originate from a word processing program. Therefore, they would have to be individually scanned to be filed electronically. It is simply not feasible to scan each of these 1,500 pages into a separate pdf file no larger than 2.5 megabytes (approximately 50 pages), as required by the ECF case filing requirements. In fact, no single document totaling more than 15 megabytes (even if separated into individual computer filed) may be electronically filed without prior permission of the Court. The attachments and exhibits to Mr. Arentowicz's motion to vacate would total well in excess 15 megabytes.

Accordingly, pursuant to Section 5 of the Procedures for Electronic Case Filing, which permits a party to bypass the ECF filing requirements where the record of an administrative or other prior proceeding must be filed with the court, Mr. Arentowicz respectfully requests permission to serve and file the attachments and exhibits to his motion to vacate in hard copy form.

If you have any questions or concerns, or need anything further, please do not hesitate to contact us.

*(handwritten annotation: ① and ② above are approved. So Ordered. Loretta A. Preska (USDJ) August 15, 2007)*

Respectfully,

DOUGLAS S. BRAMLEY

DSB/js
Encs.

cc: Gerry Silver, Esq. (via facsimile)

**McMORAN, O'CONNOR & BRAMLEY**
A PROFESSIONAL CORPORATION