UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                       :

CHARLES ARENTOWICZ,                      :       07 Civ. 6092 (LAP)

                    Petitioner,          :       <u>RESPONSE TO PETITION</u>

                    v.                                 :

CAP GEMINI ERNST & YOUNG, U.S., LLC,   : 

                    Respondent.       :
------------------------------------------------------------ x

        Respondent Capgemini U.S. LLC, formerly known as Cap Gemini Ernst & Young U.S. LLC ("Capgemini"), by its undersigned attorneys, responds to the Petition to Vacate Arbitration Award dated June 26, 2007 (the "Petition") of Petitioner Charles Arentowicz ("Petitioner" or "Arentowicz") as follows:

        1.       Admits the allegations set forth in paragraph 1 of the Petition, except denies that Arentowicz was employed solely in New Jersey, and does not respond to those allegations that are legal conclusions of the pleader to which no response is required.

        2.       Admits the allegations set forth in paragraph 2 of the Petition, except states that Capgemini's principal place of business is now 623 Fifth Avenue, 33rd Floor, New York, NY 10022, and does not respond to those allegations that are legal conclusions of the pleader to which no response is required.

        3.       Admits the allegations set forth in paragraph 3 of the Petition, except denies that the arbitration award was rendered in manifest disregard of the law, and does not respond to those allegations that are legal conclusions of the pleader to which no response is required.

NY:1129952.1

4. Admits the allegations set forth in paragraph 4 of the Petition, except does not respond to those allegations that are legal conclusions of the pleader to which no response is required.

5. Denies the allegations set forth in paragraph 5 of the Petition, except admits that Cap Gemini S.A. ("Cap Gemini") is a non-U.S. entity headquartered in Paris, France, that Cap Gemini purchased the consulting division of Ernst & Young LLP ("E&Y") in May 2000, that Arentowicz was a partner in the E&Y consulting division at that time, and denies knowledge or information sufficient to form a belief regarding Arentowicz's prior employment history.

6. Denies the allegations set forth in paragraph 6 of the Petition, and respectfully refers this Court to the Employment Agreement between Arentowicz and Capgemini for its contents.

7. Denies the allegations set forth in paragraph 7 of the Petition, except admits that Arentowicz signed the Employment Agreement on or about April 22, 2000.

8. Admits the allegations set forth in paragraph 8 of the Petition.

9. Admits the allegations set forth in paragraph 9 of the Petition.

10. Admits the allegations set forth in paragraph 10 of the Petition.

11. Admits the allegations set forth in paragraph 11 of the Petition.

12. Admits the allegations set forth in paragraph 12 of the Petition.

13. Admits the allegations set forth in paragraph 13 of the Petition.

14. Denies the allegations set forth in paragraph 14 of the Petition, except admits that on or about November 20, 2006, the parties submitted pre-hearing briefs discussing

NY:1129952.1

the facts and law relevant to Arentowicz's claims, and both parties discussed the <u>McDonnell Douglas</u> burden-shifting analysis.

15. Admits the allegations set forth in paragraph 15 of the Petition.

16. Denies the allegations set forth in paragraph 16 of the Petition, except admits that, following the hearing, both parties submitted post-hearing briefs addressing the applicable facts and law relating to Arentowicz's claim, and that both parties discussed the <u>McDonnell Douglas</u> burden-shifting analysis.

17. Denies the allegations set forth in paragraph 17, except admits that the Arbitration Panel issued a Final Award rejecting Arentowicz's age discrimination claim, and respectfully refers this Court to that Final Award for its contents.

18. Denies the allegations set forth in paragraph 18 of the Petition, except admits that Arbitrator Maltby issued a Dissenting Opinion, and respectively refers the Court to that Dissenting Opinion for its contents.

19. Denies the allegations set forth in paragraph 19 of the Petition.

20. Denies the allegations set forth in paragraph 20 of the Petition as legal conclusions to which no response is required.

21. Denies the allegations set forth in paragraph 21 of the Petition.

22. Denies the allegations set forth in paragraph 22 of the Petition as legal conclusions to which no response is required.

23. Denies the allegations set forth in paragraph 23 of the Petition.

24. Denies the allegations set forth in paragraph 24 of the Petition

25. Denies the allegations set forth in paragraph 25 of the Petition.

26. Denies the allegations set forth in paragraph 26 of the Petition.

27. Denies the allegations set forth in paragraph 27 of the Petition.

28. Denies the allegations set forth in paragraph 28 of the Petition.

29. Denies the allegations set forth in paragraph 29 of the Petition.

30. Denies the allegations set forth in paragraph 30 of the Petition.

31. Denies the allegations set forth in paragraph 31 of the Petition.

32. Denies the allegations set forth in paragraph 32 of the Petition, except admits that both parties discussed the <u>McDonnell Douglas</u> burden-shifting analysis in their briefs and opening arguments, that the Arbitration Panel was aware of the <u>McDonnell Douglas</u> case, and that it applied that case and its progeny in its Final Award.

<u>FIRST AFFIRMATIVE DEFENSE</u>

33. Arentowicz fails to state a claim upon which relief may be granted.

<u>FIRST COUNTERCLAIM</u>

34. Capgemini repeats and realleges each and every allegation set forth above as if fully set forth herein.

35. The Final Award is proper and should be confirmed by this Court.

NY:1129952.1

WHEREFORE, Capgemini respectfully requests that the Court: (i) deny Arentowicz's request for an order vacating the Final Award; (ii) confirm the Final Award; (iii) dismiss this action with prejudice; (iv) award Capgemini its costs as allowable by law; and (v) award such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 4, 2007

WINSTON & STRAWN LLP


By: S/Gerald D. Silver
Gerald D. Silver
200 Park Avenue
New York, NY  10166
(T) (212) 294-6627
(F) (212) 294-4700

Attorneys for Respondent
Capgemini U.S. LLC