USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                        :
CHARLES ARENTOWICZ,                     :       07 CV 6092 (LAP)
                                        :
                   Petitioner,          :       ORDER
                                        :
       v.                               :
                                        :
CAP GEMINI ERNST & YOUNG,               :
U.S. LLC,                               :
                                        :
                   Respondent.          :
                                        :
------------------------------------------------------X

LORETTA A. PRESKA, United States District Judge:

Petitioner Charles Arentowicz moves to vacate an arbitration award rendered on or about April 4, 2007 (the "Award"), and Respondent Capgemini U.S. LLC cross moves to confirm that same award. In the Award, the panel found that Arentowicz failed to prove that Capgemini terminated his employment on account of age. Arentowicz argues that the Award was rendered in manifest disregard of the law, specifically that the panel ignored or refused to follow step two of the burden-shifting methodology set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), that is, that after he sustained his burden of proving a prima facie case, the panel supposedly failed to require Capgemini to produce evidence of a legitimate, nondiscriminatory reason for its decision to terminate Arentowicz's employment. Because Arentowicz has failed to satisfy the "exceptionally high burden" of demonstrating manifest disregard of the law, his motion to vacate is denied, and the motion to confirm is granted.

"Judicial review of an arbitration award for manifest disregard of the law is severely limited." Hoeft v. MVL Group, Inc., 343 F.3d 57, 69 (2d Cir. 2003) (internal quotation omitted); Acciardo v. Millennium Secs. Corp., 83 F. Supp. 2d 413, 417 (S.D.N.Y. 2000) (same). The party challenging the award "bears the heavy burden of proving that the arbitrator manifestly disregarded the law." Hoeft, 343 F.3d at 69; Acciardo, 83 F. Supp. 2d at 417 ("the showing required of that party in order to avoid summary affirmance of the award is high").

"Manifest disregard clearly means more than error or misunderstanding with respect to the law, and we are not at liberty to set aside an arbitrator's award because of an arguable difference regarding the meaning or applicability of laws urged upon him." Hoeft, 343 F.3d at 69 (internal quotations and citations omitted). "In addition, the Court is not empowered to second-guess the arbitrators' fact-finding or assessment of credibility." Acciardo, 83 F. Supp. 2d at 417. Thus, "in order to vacate an arbitration award on the basis of manifest disregard of a governing legal principle, the party must show that the arbitrators refused to apply it or ignored it altogether." Hoeft, 343 F.3d at 69 (emphasis added). The "showing" required is "exceptionally high [and] '[t]he Second Circuit has held that any plausible reading of an award that fits within the law will sustain it'."

In the Award, the panel cited, inter alia, Marione v. Metropolitan Life Insurance Co., 188 Fed. Appx. 141, 145 (3d Cir. 2006) which, in turn, cited McDonnell Douglas. The panel stated that "a party asserting a claim of age discrimination in a reduction-in-force ('RIF') setting must offer sufficient probative evidence to allow a fact-finder to reasonably infer that the employer's stated reasons are not worthy of belief and are a

2

'post hoc fabrication' or otherwise did not actually motivate the challenged decision" (Award 2) (emphasis added). The panel therefore implicitly found that Arentowicz stated a prima facie case (step one of McDonnell Douglas), that Capgemini stated a legitimate non-discriminatory reason for the termination, i.e., a RIF (step two of McDonnell Douglas), and then moved on to the third step in the McDonnell Douglas analysis – Arentowicz's burden of proving pretext.

Indeed, the panel stated that there was little debate that Arentowicz was terminated as part of a reduction in force. The panel found:

> The parties do not dispute that Cap Gemini's financial crisis was real; the RIF was business related; the company was entitled to set the ground rules for the RIF; and elimination of four vice president positions in the Life Sciences Department was warranted. The RIF decisions were based on management's assessments of which vice presidents would raise substantial revenue over a short time frame, i.e., the impending three to four months. Wilson [, the decisionmaker,] explained that Cap Gemini was in 'survival mode' and retained vice presidents who could deliver 'revenue now' or 'who were in the position to sell revenue and deliver it immediately, now'. Wilson tentatively selected the four vice presidents to be laid off. Upper management and Wilson's management's team voiced no objections to the inclusion of Arentowicz in this group.

(Award 2-3.)

The panel also "found Wilson's testimony to be credible and not evidence of pretext" and, in contrast, "found Arentowicz's testimony to be less than forthright at times" (Award 3). Further, the panel found that Arentowicz failed to provide "specific and convincing evidence on the key question at hand, the likelihood that he personally would produce or sell immediate revenue in the months following the RIF, which severely undercut his case" (Award 3).

3

Arentowicz fails to acknowledge the panel's clear holding that evidence of a RIF constitutes a legitimate nondiscriminatory reason for his termination; instead, he merely disagrees with the panel's weighing of the evidence, including its credibility finding. Such arguments clearly fail to meet the exceptionally high burden required to vacate an award. Accordingly, Arentowicz's motion to vacate the award [dkt. no. 11] is denied and Capgemini's motion to confirm the award [dkt. no. 16], is granted. Judgment shall be entered accordingly.

The Clerk of the Court shall mark this action closed, and all pending motions denied as moot.

SO ORDERED:

Dated: November 16, 2007

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.

arentowicz1115