```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/23/08

```
------------------------------------
CHARLES ARENTOWICZ,                 :
                                    :
                Plaintiff,          :   07 Civ. 6092 (LAP)
                                    :
     -against-                      :   ORDER
                                    :
CAP GEMINI ERNST & YOUNG U.S., LLC, :
                                    :
                Defendant.          :
------------------------------------X
```

LORETTA A. PRESKA, U.S.D.J.:

   This Court's Judgment of November 19, 2007 denied Plaintiff's petition to vacate an arbitration award. Before the Court is Plaintiff's motion for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

   Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, notice of appeal must be filed with the Court within thirty days after the judgment is entered. Fed. R. App. P. 4(a)(1)(A). Plaintiff filed his notice of appeal with the Court on January 8, 2008, which is more than 30 days after the judgment of November 19, 2007 had been entered. (dkt. no. 23, filed on Jan. 8, 2008.)

   Compliance with Rule 4(a) is mandatory and jurisdictional. Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 363 (2d Cir. 2003). The power to extend this

time limitation is severely circumscribed. Endicott Johnson Corp. v. Libert Mut. Ins. Co., 116 F.3d 53, 56 (3d Cir. 1997). The district court, however, may extend the time to file a notice of appeal if the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). The excusable neglect standard applies in a situation in which the need for an extension is caused by something within the movant's control. The good cause standard applies in situations in which the need for an extension is caused through no fault on the part of the movant. Rule 4, Fed. R. App. P., Advisory Committee Notes, Subdivision (a)(5)(A)(ii).

The governing standard for Plaintiff's motion is "excusable neglect" because his need for an extension was caused by something within his control. i.e., his failure to make himself aware of an applicable court rule. (dkt. no. 23, filed on Jan. 8, 2008.)

Factors that the court will consider in evaluating excusable neglect include: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within reasonable control of the movant, and [4] whether the movant acted in good faith." Silivanch, 333 F.3d at 366 (citing Pioneer

Inv. Serv. Co. v. Brunswick Assocs. P'Ship, 507 U.S. 380, 395).

Usually, the first, second and fourth of the Pioneer factors weigh in favor of the movant for the following reasons. Prejudice to the non-moving party will be negligible, and delay will be minimal because Rule 4(a)(5) requires a motion for extension of time to file notice of appeal be filed within 30 days of the last day possible for filing a notice of appeal. In addition, it is rare in such situations that there is an absence of good faith. Therefore, it is, necessary to scrutinize the third factor of the Pioneer test: the reason for the delay. Silivanch, 333 F.3d at 366

The Supreme Court characterizes excusable neglect as an "elastic concept" which implies that a determination "is at bottom an equitable one, taking account of all relevant circumstances of a party's omission." Pioneer, 507 U.S. at 392, 395. Such considerations, however, will "rarely if ever favor a party who fails to follow the clear dictates of a court rule." Silivanch, 333 F.3d at 366. Where the court rule is entirely clear, a party claiming excusable neglect will ordinarily fail under the Pioneer test. Bass v. NYNEX, No. 02 Civ. 5171, 2004 U.S. Dist. LEXIS 23703, 2004 WL 2674633, at *6 (S.D.N.Y. Nov. 23, 2004) (citing

of a court rule." Silivanch, 333 F.3d at 366. Where the court rule is entirely clear, a party claiming excusable neglect will ordinarily fail under the Pioneer test. Bass v. NYNEX, No. 02 Civ. 5171, 2004 U.S. Dist. LEXIS 23703, 2004 WL 2674633, at *6 (S.D.N.Y. Nov. 23, 2004) (citing Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003))

Plaintiff's motion must be denied because he has not made a showing of excusable neglect or good cause. Plaintiff's motion relies on the failure of his attorney to notify him of the requirement to file a notice of appeal within thirty days of the judgment. The thirty day limit to file notice of appeal, however, is a clear court rule and, as such, Plaintiff's failure to make himself aware of it cannot be categorized as excusable neglect.

The Plaintiff's motion to extend time to file an appeal is denied.


SO ORDERED:

Dated:   New York, New York
         January 23, 2008

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.